# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Percy Lavae Bacon,

    Plaintiff

v.

James Dzurenda, et al.,

    Defendants

Case No.: 2:18-cv-00319-JAD-NJK

**Order Dismissing Case**

    Pro se plaintiff Percy Lavae Bacon has three strikes and must pay the full $400 filing fee in advance for his § 1983 claims unless he is in imminent danger of serious physical injury.[1] So, he moved to proceed *in forma pauperis* under the imminent-danger exception, alleging that he is in imminent danger of losing sight in his right eye.[2] Magistrate Judge Nancy Koppe denied the motion without prejudice, explaining that Bacon "must first submit a complaint and an application to proceed *in forma pauperis* . . . before the Court can evaluate whether [his] complaint makes a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing."[3] Judge Koppe then gave Bacon 30 days to file a complaint and a fully complete pauper application. She also warned him that his case may be dismissed if he did not comply with her order.[4] That 30-day deadline has come and gone, and Bacon has filed nothing.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[5] A court may dismiss an action with prejudice based on a party's failure to prosecute an action,

---

[1] 28 U.S.C. § 1915(g).

[2] ECF No. 1.

[3] ECF No. 3 at 1.

[4] *Id.* at 2.

[5] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

1

failure to obey a court order, or failure to comply with local rules.[6] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[7]

I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[8] The fourth factor is greatly outweighed by the factors favoring dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement.[9] Bacon was warned that his case would be dismissed without prejudice if he failed to submit a complaint and file a completed application or pay the filing fee within 30 days.[10] So, Bacon had adequate warning that his failure to submit a complaint and file a completed application or pay the filing fee would result in this case's dismissal.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice based on Bacon's failure to submit a complaint and file a completed application to

---

[6] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[7] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[8] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[9] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[10] ECF No. 3.

proceed *in forma pauperis* or pay the filing fee in compliance with this Court's February 23, 2018, order. The **Clerk of Court** is directed to **ENTER JUDGMENT accordingly** and **CLOSE THIS CASE**.

Dated: April 13, 2018

_____
U.S. District Judge Jennifer A. Dorsey