UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| PERCY LAVAE BACON, | Case No. 2:18-cv-00319-JAD-NJK |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JAMES DZURENDA et al., | |
| Defendants. | |

## I. DISCUSSION

On May 21, 2018, this Court entered a screening order permitting Plaintiff's deliberate-indifference-to-serious-medical-needs claims (counts I, II, and IV) to proceed against Defendant Bannister and his ADA claim (count III) to proceed against Doe defendants when Plaintiff learned their identities. (ECF No. 12 at 9). The Court stayed the case for 90 days to give Plaintiff and Defendant Bannister an opportunity to settle their dispute before the filing fee was paid, an answer was filed, or the discovery process began. (*Id.* at 9-10). The Court directed the Attorney General's Office to notify the Court whether it would enter a limited notice of appearance on behalf of Defendant Bannister for the purpose of settlement. (*Id.* at 10).

On June 4, 2018, the Attorney General's Office informed the Court that it could not make a limited appearance for the purpose of settlement because Defendant Bannister, the only remaining named defendant in this action, was no longer employed by the Nevada Department of Corrections. (ECF No. 15).

1

In light of the Attorney General Office's notice, the Court now orders the Attorney General's Office to send a letter to Defendant Bannister at his last known address informing him that he is a defendant in this lawsuit. In that letter, the Attorney General's Office shall ask Defendant Bannister if he would like the Office to represent him in this matter. Within 30 days from the date of this order, the Attorney General's Office shall file an updated notice with the Court informing the Court whether it will be entering a limited notice of appearance on behalf of Defendant Bannister for the purpose of settlement in light of that letter.

If the Attorney General's Office enters a limited notice of appearance on behalf of Defendant Bannister for the purpose of settlement, the Court shall schedule an early inmate mediation conference. However, if the Attorney General's Office notifies the Court that it will not be entering a limited notice of appearance in light of its communication with Defendant Bannister, the Court will issue an order that: (1) removes this case from the early inmate mediation program, (2) rules on the application to proceed *in forma pauperis*, and (3) begins the service process with the U.S. Marshal's Office.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Attorney General's Office shall send a letter to Defendant Bannister at his last known address informing him of this lawsuit and asking whether he seeks to have the Office represent him for the limited purpose of settlement.

IT IS FURTHER ORDERED that, within 30 days from the date of this order, the Attorney General's Office shall file an updated notice with the Court informing the Court about Defendant Bannister's representation status.

IT IS FURTHER ORDERED that, within 30 days from the date of this order, the Attorney General's Office shall advise the Court whether it will enter a limited notice of appearance on behalf of Defendant Bannister for the purpose of settlement. No defenses

or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance.

IT IS FURTHER ORDERED that, if this case remains in the early inmate mediation program, the Court extends the 90-day stay and the deadline for the 90-day stay status report until 5 days after any scheduled mediation.

DATED THIS 6th day of June 2018.

_____
UNITED STATES MAGISTRATE JUDGE