# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PERCY LAVAE BACON,

    Plaintiff

v.

JAMES COX, et al.,

    Defendants

Case No.: 2:18-cv-00319-JAD-NJK

**Order Denying Motions for Temporary Restraining Order, Preliminary Injunction, and a Hearing**

[ECF Nos. 31, 32, 55]

    Pro se prisoner-plaintiff Percy Lavae Bacon brings this civil-rights action for events he claims occurred at Nevada's Southern Desert Correctional Center. Bacon is before me asking for injunctive relief arising out of his claim that prison officials violated the ADA by denying him the ability to obtain work credit because of his disabilities.[1] As defendants note in responding to these motions, the overarching problem for Bacon is that I have seen this request before and I have denied it.[2] In fact, I denied essentially this same request just days before Bacon filed his instant motion.[3] So I treat Bacon's request as a motion for reconsideration under Local Rule 59-1.[4]

    Reconsideration is not proper here. I denied Bacon's prior request for injunctive relief on his ADA claim because he failed to make the required showing of irreparable harm:

> Bacon cannot show that the alleged ADA violation has caused him irreparable harm. Based on his allegations, had defendants not violated the ADA, he would have earned 1,400 early release credits, thus advancing his parole-eligibility date. But these allegations are too speculative to demonstrate irreparable harm. Bacon's claim

---

[1] ECF Nos. 31, 32. Bacon also separately asks for a hearing. ECF No. 55.

[2] ECF No. 37 at 6 (discussing my order at ECF No. 30 at 9–10).

[3] *See* ECF No. 30.

[4] That Bacon characterizes one of his current motions as seeking a temporary restraining order does not alter that he is seeking reconsideration, as the standard is the same. *V'Guara Inc. v. Dec*, 925 F. Supp. 2d 1120, 1123 (D. Nev. 2013) (citing *Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001)).

1

presumes that he: (a) would have earned all 1,400 early release credits, (b) was eligible for a prison job during this entire time period, (c) would have remained employed during this entire time period, and (d) that the parole board would have granted Bacon parole at this earlier parole-board hearing. With these numerous contingencies, Bacon cannot show irreparable harm in the absence of preliminary relief.[5]

Bacon's current motions do not address—let alone cure—these deficiencies.[6]

At best, Bacon attempts to tackle the issue of irreparable harm in his reply.[7] I need not consider arguments raised for the first time in reply.[8] But even were I to consider these contentions, Bacon has not overcome the deficiencies that I previously identified that render his injury too speculative to demonstrate irreparable harm. Instead, Bacon merely reiterates that he is injured by being prevented from earning institutional work credits, that an inmate serving 190 months would have had the opportunity to earn 1,900 days of work credit, and that he would have been discharged by the parole board had he actually earned that work credit.[9] Bacon makes no showing that he would have actually earned all of those credits, was eligible for a job during this entire period, and would have remained employed during this entire period. Moreover, Bacon provides no support for his bare assertion that parole would have been granted had the work credit been earned.

Accordingly, IT IS HEREBY ODERED that Bacon's latest motions for injunctive relief **[ECF Nos. 31, 32] are DENIED** because Bacon has not shown that appropriate grounds exist

. . .

---

[5] ECF No. 30 at 10.

[6] *See* ECF Nos. 31, 32. It appears that Bacon may have mailed these motions before allowing me to rule on his previous motions for the same injunctive relief. *See* ECF No. 31-1 at 28 (proof of service, providing date of mailing of October 18, 2018).

[7] *See* ECF No. 39 at 14–15.

[8] *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996).

[9] *See* ECF No. 39 at 14–15.

for such relief.  IT IS FURTHER ORDERED THAT Bacon's motion for a hearing **[ECF No. 55]** **IS DENIED** as moot.

Dated: April 18, 2019

_____
U.S. District Judge Jennifer A. Dorsey