UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PERCY LAVAE BACON,<br><br>    Plaintiff(s),<br><br>v.<br><br>JAMES DZURENDA, et al.,<br><br>    Defendant(s). | Case No.: 2:18-cv-00319-JAD-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>[Docket Nos. 62, 73] |

Pending before the Court is a motion for summary judgment filed by Defendants James Cox, Sheryl Foster,[1] and Brian Williams. Docket No. 62. Plaintiff filed a response in opposition. Docket No. 69.[2] Defendants filed a reply. Docket No. 70. Plaintiff filed a surreply. Docket No. 72. Defendants filed a motion to strike the surreply. Docket No. 73. These motions were referred to the undersigned magistrate judge for a report of findings and recommendation. *See* 28 U.S.C. § 636(b)(1)(B).

**I.    BACKGROUND**

This is a prisoner civil rights case arising out of events Plaintiff alleges occurred at the Nevada Department of Corrections' ("NDOC") facility at Southern Desert Correctional Center

---

[1] Plaintiff identifies this defendant as Sheryl "Forster," *see* Docket No. 20 (first amended complaint), but it appears her name is actually Sheryl "Foster," *see, e.g.*, Docket No. 40 (answer).

[2] The Court liberally construes Plaintiff's filings. *See, e.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

1

("SDCC").[3] Although three claims survived the screening process in general, only one claim survived the screening process with respect to the movants now before the Court.[4] In particular, Plaintiff alleged a colorable claim for violations of the Americans with Disabilities Act ("ADA") against Caseworker Cheryl Burson, Assistant Warden of Programs Brian Williams, Caseworker Sheryl Foster, and NDOC Director James Cox. Plaintiff alleges that he entered the NDOC with chronic medical problems including hypertension and heart problems, and that stressful activity presents risks of a heart attack, stroke, or other medical complications. The NDOC provides jobs for inmates who wish to deduct ten days each month from their sentences. In order to obtain a prison job, the inmate must be able to lift 25 pounds or be assigned to educational programming only if the inmate has not received a high school diploma or G.E.D. Plaintiff could not lift 25 pounds or more and demanded a light-duty assignment, but Williams, Burson, and Foster informed him that such accommodation was not available. Plaintiff alleges that prison officials' refusal to assign him a light-duty job—though they could have—prevented him from earning deduction days, which would have reduced his length of confinement.

The case is now before the Court on summary judgment motion practice by which Defendants Cox, Foster, and Williams seek entry of judgment in their favor.

## II.   STANDARDS

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). When considering summary

---

[3] This background section is derived from the allegations as construed in the screening order. *See* Docket No. 30.

[4] The motion for summary judgment notes that Defendants Bannister and Burson were not properly served. *See* Mot. at 3. Defendant Burson was named as a defendant with respect to the ADA claim addressed herein. The screening order found that Plaintiff had stated colorable claims against Defendant Bannister for both deliberate indifference to serious medical needs under the Eighth Amendment and for unlawful retaliation under the First Amendment. Docket No. 30 at 3-5, 8-9. The motion for summary judgment is at times unclear as to the scope of relief being sought. *Compare* Mot. at 5 (asserting that "the entire complaint is barred by the statute of limitations" (emphasis omitted)) *with id.* at 3 ("this motion addresses only the claims asserted against Director Cox, Caseworker Foster, and Warden Williams"). The undersigned limits the analysis herein to only the ADA claim for which the movants are named defendants. Unless stated otherwise, references to "Defendants" include only Defendants Cox, Foster, and Williams.

judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

**III. ANALYSIS AND FINDINGS**

As noted above, the only surviving claim against Defendants Cox, Foster, and Williams arises under Section II of the ADA. Defendants raise numerous arguments in seeking summary judgment, two of which the undersigned addresses on their merits.

A.  Mootness

Defendants argue at the outset that Plaintiff's ADA claim fails as moot in light of Plaintiff's release from prison. Mot. at 6-7.[5] Construing Plaintiff's papers liberally, he argues that his ADA claim is not moot because he is seeking damages against these Defendants on this claim.[6] Plaintiff has the better argument with respect to mootness.

Article III of the United States Constitution "restricts federal courts to the resolution of cases and controversies." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732 (2008). Claims are

---

[5] Defendants are entitled to entry of summary judgment for the reasons discussed below in Section III.B. Nonetheless, Defendants' mootness argument presents a threshold jurisdictional issue as to whether there is a justiciable controversy and the undersigned will address it herein.

[6] Plaintiff's papers are not a model of clarity. His response states at one point that he seeks declaratory relief on this claim, Resp. at 9, but the operative complaint expressly seeks monetary damages on "each count" alleged, Docket No. 20 at 19. As such, the Court interprets Plaintiff's position as being that his ADA claim seeks monetary damages.

3

deemed moot and not justiciable "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (internal quotations omitted). A prisoner's claims for injunctive relief or declaratory relief generally are not justiciable given their mootness when a prisoner has been released from custody. *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012). "The reason is that the released inmate is no longer subject to the prison conditions or policies he challenges." *Id.* Such reasoning applies only "absent a claim for damages." *Id.* (quoting *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007)).[7]

Defendants' argument on mootness here is premised on their contention that (1) ADA claims against prison officials may be brought only in their official capacities and (2) monetary damages are unavailable against defendants sued in their official capacities. Mot. at 6-7, 9; Reply at 4. As to the first part of the argument, Judge Dorsey has already ruled in this case that prison officials may be sued under the ADA only in their official capacities. Docket No. 30 at 6 (citing *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1066 (D. Or. 2001)).

It is the second part of this argument on which Defendants stumble. Defendants do not present any legal authority that damages are unavailable against the State or individuals sued in their official capacity in the context of Section II of the ADA. *See* Mot. at 9 (citing case law arising in the context of 42 U.S.C. § 1983 claims);[8] *see also* Reply at 4 (citing no case law at all in support of position that, "[b]ecause those [ADA] claims proceeded against the Defendants in their official capacity only, Plaintiff cannot seek money damages from these Defendants"). As a general matter, a plaintiff is not entitled to monetary damages against defendants sued in their official capacities

---

[7] "Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim. Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted. And the [released] inmate has no further need for such declaratory or injunctive relief, for he is free of the policy or practice that provoked his lawsuit in the first place." *Alvarez*, 667 F.3d at 1064 (quoting *Incumaa*, 507 F.3d at 286-87).

[8] Although Plaintiff's amended complaint is on a form for civil rights claims brought pursuant to § 1983, this claim arises under the ADA. *See* Docket No. 20 at 15; *see also O'Guinn v. Lovelock Correctional Ctr.*, 502 F.3d 1056, 1059-60 (9th Cir. 2007) (distinguishing between § 1983 and ADA claims).

4

(*i.e.*, claims effectively against the state itself) because such claims are barred by the sovereign immunity established by the Eleventh Amendment. *See, e.g.*, *Aholelei v. Dept. of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Eleventh Amendment immunity may be abrogated by Congress in some instances, however, and Ninth Circuit "precedent clearly commands that the State is not entitled to Eleventh Amendment immunity under Title II of the ADA." *Phiffer v. Columbia River Corr'l Inst.*, 384 F.3d 791, 792 (9th Cir. 2004) (*per curiam*). Hence, it appears clear that prisoners may seek damages for claims brought under Title II of the ADA against defendants sued in their official capacities. *See, e.g.*, *Bozeman v. Santoro*, 2019 WL 4273927, at *4 (E.D. Cal. Sept. 10, 2019). As such, it appears that Defendants' argument with respect to monetary damages on Plaintiff's Title II ADA claim is foreclosed by binding Ninth Circuit authority.

Defendants have not acknowledged this case law or otherwise explained why monetary damages are unavailable for official capacity claims brought under Title II of the ADA. Because Defendants have not shown that Plaintiff cannot recover damages for his claim under Title II of the ADA, they have not shown that his release from prison renders this claim moot.[9]

B. <u>Exhaustion of Administrative Remedies</u>

Defendants also argue that they are entitled to summary judgment because Plaintiff did not grieve his ADA claim. Mot. at 5-6. Plaintiff responds that he sufficiently grieved this claim, as evidenced by his complaint and its reference to Inmate Grievance 2006-30-57450. *See* Resp. at 5; *see also* Docket No. 20 at 18 (amended complaint identifying Grievance Number 20063057450). Defendants have the better argument.

The Prison Litigation Reform Act ("PLRA") requires that an action with respect to prison conditions may be filed only after "such administrative remedies as are available are exhausted." 42 U.S. § 1997e(a). Although the PLRA arises most commonly in the context of a prisoner's §

---

[9] Defendants also argue that Plaintiff's claim is moot because the State has now changed policies. Mot. at 6-7 (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). A change of policy does not moot a claim for damages. *E.g.*, *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 902 (9th Cir. 2007). Accordingly, this additional mootness argument fails for the reasons identified above.

5

1983 claim, the Ninth Circuit has held that its administrative exhaustion requirement also applies to ADA claims. *O'Guinn*, 502 F.3d at 1060-62.

A failure to exhaust administrative remedies under the PLRA is an affirmative defense on which a defendant bears the burden at trial. *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 212 (2007). At the summary judgment phase, the defendant has the initial burden of showing that there were generally available administrative remedies that were not used by the plaintiff. *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (*en banc*). Once that burden has been satisfied, the burden shifts to the plaintiff to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. *Id.*

Defendants have met their initial burden here. As a threshold matter, Defendants raised as an affirmative defense Plaintiff's failure to exhaust remedies as required by the PLRA. *See* Docket No. 40 at 4. Moreover, Defendants have presented evidence showing that NDOC has established a grievance process that is generally available to inmates, including Plaintiff. *See* Docket No. 62-5 (Administrative Regulation 740). Defendants have also presented evidence that this grievance process was not used by Plaintiff with respect to his ADA claim. Instead, the grievance identified by Plaintiff in his complaint deals only with his deliberate indifference claim brought against Defendant Bannister. *See* Docket No. 62-6. In particular, the identified grievance involved Plaintiff's request for cataract surgery rather than Plaintiff's ADA claim that the moving Defendants failed to accommodate his request for a light-duty job in light of his hypertension and heart problems. Even very liberally construed, that grievance does not address the ADA claim currently at issue.[10]

Defendants having met their initial burden, the burden then shifts to Plaintiff to provide evidence showing something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. No such showing has been made. Instead, Plaintiff relies entirely on unsupported claims that Nevada prisons are notorious in obstructing the

---

[10] Defendants also contend that the grievance as to the cataract issue was not fully exhausted, *see* Mot. at 6, an issue that the Court need not reach here.

grievance process to set-up this affirmative defense. *See, e.g.*, Resp. 5. Accusations are not evidence and Plaintiff's burden at this stage requires more. Having failed to submit evidence on this issue, summary judgment is properly entered for Defendants based on Plaintiff's failure to exhaust administrative remedies with respect to his ADA claim.

## IV. CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Defendants' Motion for summary judgment be **GRANTED** in that judgment be entered in favor of Defendants Cox, Foster, and Williams with respect to Plaintiff's claim under brought under the ADA.[11] Moreover, because it is clear that judgment would be entered in favor of Defendant Burson on this claim were she to appear, the undersigned also **RECOMMENDS** that judgment be so entered in her favor. *Cf. In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) ("if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants" who are similarly situated). Lastly, the undersigned **RECOMMENDS** that the motion to strike the surreply be denied as moot, as the outcome here is the same even considering that surreply.

Dated: November 8, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[11] In bringing this motion, defense counsel took a scattershot approach of raising numerous arguments. Given the failure to exhaust administrative remedies, the Court need not resolve each of the other arguments. The Court notes, however, that some of those arguments were entirely baseless. For example, Defendants seek a ruling that they are entitled to qualified immunity on this official capacity claim. *See* Mot. at 9; *but see Community House, Inc. v. City of Boise, Id.*, 623 F.3d 945, 965 (9th Cir. 2010) ("Qualified immunity, however, is a defense available only to government officials sued in their individual capacities. It is *not* available to those sued only in their official capacities" (emphasis in original)). Similarly, Defendants urge entry of judgment in their favor on the ground that Plaintiff has not met his burden of sufficiently pleading facts from which he can demonstrate that his claim is timely. *See* Mot. at 5; *but see Entous v. Viacom Int'l, Inc.*, 151 F. Supp. 2d 1150, 1154 (C.D. Cal. 2001) (defendants have the burden at trial on the affirmative defense of statute of limitations and, consequently, have the initial burden at summary judgment of presenting evidence showing the untimeliness of the claim); *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 913 (E.D. Cal. 2017) ("It is well-settled that statutes of limitations are affirmative defenses, not pleading requirements. . . . [A] plaintiff is not ordinarily required to plead around affirmative defenses" (internal citations and quotations omitted)). The Court expects counsel in the future to present only well-researched positions for which there is a reasonable basis. *See* Fed. R. Civ. P. 11.

## **NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).