# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Percy Lavae Bacon, | Case No. 2:18-cv-00319-JAD-NJK |
| Plaintiff | **Order Adopting Report and Recommendation, Granting Motion for Summary Judgment on ADA Claim, Entering Partial Judgment on that Claim, and Ordering Bacon to Show Cause Why Remainder of Case Should Not Be Dismissed** |
| v. | |
| James Cox, et al., | |
| Defendants | |
| | [ECF Nos. 62, 73, 74] |

Pro se plaintiff and parolee Percy Lavae Bacon brings this civil-rights action to redress events that he claims occurred while he was an inmate at Nevada's Southern Desert Correctional Center. Screening left Bacon with a handful of claims, including the claim that Nevada Director of the Nevada Department of Corrections James Cox, Assistant Warden of Programs Brian Williams, and Caseworker Sheryl Foster violated the Americans with Disabilities Act (ADA) by failing to find a prison job for Bacon that did not require him to lift 25 pounds—a task that he cannot complete due to medical issues.[1] Bacon alleges that his inability to work prevented him from earning deduction days that would have reduced the length of his confinement.

Cox, Williams, and Foster move for summary judgment,[2] arguing that Bacon's claim against them must be dismissed because he failed to exhaust the prison's grievance process before filing it and that this claim was mooted by his release on parole. Magistrate Judge Nancy Koppe has reviewed the summary-judgment briefing and recommends that I grant the motion in

---

[1] ECF No. 30.

[2] ECF No. 62.

part and dismiss Bacon's ADA claim based on his failure to exhaust the grievance process.[3] And because the failure to exhaust this claim renders it premature against any defendant, she also recommends that I dismiss it against Defendant Cheryl Burson, too, even though she has not been served or appeared in this case.[4]

The deadline for objections to that recommendation passed without objection or any request to extend the deadline to file one. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[5] IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation **[ECF No. 74] is ADOPTED** in full;

IT IS FURTHER ORDERED THAT Cox, Foster, and Williams's motion for summary judgment **[ECF No. 62] is GRANTED** and their motion to strike supplemental pleading **[ECF No. 73] is DENIED**; **Bacon's ADA claim is dismissed in its entirety** and against any defendant for failure to exhaust the grievance process. And with good cause appearing and no just reason for delay, and because the dismissal of this ADA claim leaves no claims remaining against Cox, Foster, Williams, and Burson, the Clerk of Court is directed under FRCP 54(b) to ENTER FINAL JUDGMENT in favor of Cox, Foster, Williams, and Burson on all claims against them.

This order leaves only the claims against Defendant Robert Bannister. Because Bannister is not represented by counsel,[6] the court's screening order [ECF No. 30] required Bacon to file a motion requesting issuance of a summons for Bannister[7] by January 22, 2019. Bacon filed no

---

[3] ECF No. 74.

[4] *Id*. at 7.

[5] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[6] ECF No. 3 at 1 ("The State of Nevada Office of the Attorney General does not accept service on behalf of Defendants Robert Bannister, or Cheryl Burson.").

[7] ECF No. 30 at 13.

such motion. Accordingly, **IT IS FURTHER ORDERED that Bacon must show cause in writing by December 27, 2019, why the remainder of this action should not be dismissed** for failure to timely serve the last-remaining defendant Robert Bannister. If Bacon fails to show cause with a timely filed Response to Order to Show Cause, this case will be dismissed under FRCP 4m without further prior notice.

Dated: November 27, 2019

_____
U.S. District Judge Jennifer A. Dorsey