# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Percy Lavae Bacon, | Case No. 2:18-cv-00319-JAD-NJK |
| Plaintiff | |
| v. | |
| James Cox, et al., | **Order Dismissing Action and Closing Case** |
| Defendants | |

Pro se plaintiff and parolee Percy Lavae Bacon brought this civil-rights action to redress events that he claims occurred while he was an inmate at Nevada's Southern Desert Correctional Center. Successful motions by the defense left only the claims against Defendant Robert Bannister. Because Bannister was not represented by counsel, the court's screening order[1] required Bacon to file a motion requesting issuance of a summons for Bannister[2] by January 22, 2019, but Bacon filed no such motion. So, on November 27, 2019, the court gave Bacon until December 27, 2019, to show cause in writing "**why the remainder of this action should not be dismissed** for failure to timely serve the last-remaining defendant Robert Bannister."[3] Bacon was expressly warned that, if he failed "to show cause with a timely filed Response to Order to Show Cause, this case will be dismissed under FRCP 4m without further prior notice."[4]

Bacon did not show cause or request to extend his deadline to do so.[5] District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may

---

[1] ECF No. 30.

[2] *Id.* at 13.

[3] ECF No. 75 at 3.

[4] *Id.*

[5] I note that the court's order was part of its adoption of a November 8, 2019, magistrate judge's report and recommendation (R&R). ECF No. 74. Although Bacon ultimate filed objections to

impose sanctions including, where appropriate . . . dismissal" of a case.[6] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[7] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[8]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[9] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[10] and

---

that report, ECF No. 77, they were nearly a month late and arrived only after the court adopted the R&R and entered judgment. ECF Nos. 75 (order adopting R&R), 76 (judgment). Those objections are disregarded as untimely. But even if I had considered those objections on their merits and generously treated them as a motion for reconsideration or to alter or amend the judgment, they fall far short of establishing any basis for such relief.

[6] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[7] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[8] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[9] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[10] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

that warning was given here.[11] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that the remainder of **this action is DISMISSED** without prejudice under FRCP 4m. The Clerk of Court is directed to **ENTER JUDGMENT** ACCORDINGLY and **CLOSE THIS CASE.**

Dated: February 19, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[11] ECF No. 75.